AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | |
|---|---|
| PRAIRIE WALK CONDOMINIUM ASSOCIATION ) <br> *Plaintiff* ) <br> v. ) <br> THE AMERICAN INSURANCE COMPANY ) <br> ) <br> *Defendant* ) | Civil Action No. 1:22-cv-00870-DDD-NRN |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Derek O'Driscoll, Impact Claim Services, LLC
c/o Collin Moriarty, 7350 E. Progress Place, Suite 110, Greenwood Village, CO 80111

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Spencer Fane, LLP <br> 1700 Lincoln St. #2000, Denver, CO 80203 <br> or via email to nbarker@spencerfane.com | Date and Time: <br><br> 08/17/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   07/26/2022

            *CLERK OF COURT*
                                    OR
    _____            s/ Nathaniel Barker
    *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant
The American Insurance Company                              , who issues or requests this subpoena, are:
Nathaniel Barker, Spencer Fane, 1700 Lincoln St. #2000, Denver CO 80203, 303-839-3800, nbarker@spencerfane.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-00870-DDD-NRN

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                        *Server's signature*

                                        _____
                                        *Printed name and title*

                                        _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT 1

# EXHIBIT A
(Subpoena to Derek O'Driscoll, Impact Claim Services)

## INSTRUCTIONS AND DEFINITIONS

1. Please produce all requested documents within your possession, custody, or control, or within the possession, custody, or control of any of your agents, representatives, attorneys, or anyone acting on your behalf.

2. If you object to production of any document or communication on the basis that is protected by the attorney-client privilege, the work product doctrine, or any other protective doctrine: (a) provide all responsive documents or communications for which you do not assert any protective claims; and (b) for any responsive document or communication for which you do assert any protective claims, state (i) the date of the responsive document or communication, (ii) the author of the responsive document or communication, (iii) each individual who received a copy of the responsive document or communication, (iv) the general subject matter of the responsive document or communication, and (v) each and every protective claim you assert with respect to the document or communication.

3. The following definitions apply to the categories of documents for production set forth below:

   a) "Communication" means all occasions on which information was conveyed from one person to another either in writing or orally, including without limitation emails, letters, memoranda, notes, instant messages, text messages, in person conversations, telephone calls, voice mails, or video conferencing.

   b) "Document(s)" means every original, draft, and duplicate of every writing and recording of every type and description, including without limitation all writings, recordings, electronic or magnetic records or transmissions of information, and photographs, as those terms are defined in Fed. R. Evid. 1001, and all documents or tangible things, as those terms are used in Fed. R. Civ. P. 34.

   c) "Person or entity" includes a natural person, firm, association, and any organization other than a natural person.

   d) "Plaintiff" means Prairie Walk Condominium Association under this or any other name, and/or any of its predecessors, successors, subsidiaries, directors, officers, board members, agents, contractors, subcontractors, employees, legal counsel, public adjusters, or any other person or entity acting on their behalf in either or both their individual or representative capacities.

   e) "Storm" means the storm that occurred on July 16, 2018 and that Plaintiff alleges caused damage to the subject property.

   f) "Subject claim" means TAIC claim no. 00518340602.

   g) "Subject policy" means TAIC policy no. S 68 MZX 80981964.

EXHIBIT 1

h)  "Subject property" means the commercial residential real property, consisting of sixteen buildings, located at 17335-17555 Nature Walk Trail, 17209 Wilde Avenue, 9142 Lodestar Lane 9180 Rolling Lane, Parker, Colorado 80134.

i)  "Subject Litigation" means the lawsuit *Prairie Walk Condominium Association* v. *The American Insurance Company*, U.S. District Court for the District of Colorado Case No. 1:22-cv-00870-DDD-NRN.

j)  "TAIC" means The American Insurance Company under this or any other name, and/or any of its predecessors, successors, subsidiaries, directors, officers, board members, agents, contractors, subcontractors, employees, legal counsel, public adjusters, or any other person or entity acting on their behalf in either or both their individual or representative capacities.

k)  "You" or "your" means either or both Derek O'Driscoll or Impact Claim Services and any of its predecessors, successors, subsidiaries, directors, officers, board members, agents, contractors, subcontractors, employees, legal counsel, public adjusters, or any other person or entity acting on their behalf in either or both their individual or representative capacities.

## DOCUMENTS TO BE PRODUCED PURSUANT TO SUBPOENA

1. Your entire file related to the subject claim.

2. Your entire file related to the subject property.

3. Communications between and among you, on the one hand, and TAIC, on the other, related in any way to the storm, the subject claim, the subject property, or the subject litigation.

4. Communications between and among you, on the one hand, and Plaintiff, on the other, related in any way to the storm, the subject claim, the subject property, or the subject litigation. (Note that responsive communications include without limitation any communications with between and among you and any attorneys representing Plaintiff at any time with respect to the storm, the subject claim, the subject property, or the subject litigation.)

5. Communications between and among you, on the one hand, and any other person or entity, on the other, related in any way to the storm, the subject claim, the subject property, or the subject litigation.

6. Communications between and among any of you and/or your individual representatives (i.e., internal communications, memoranda, etc.) related in any way to the storm, the subject claim, the subject property, or the subject litigation.

7. Documents and communications related in any way to the storm, the subject claim, the subject property, or the subject litigation.

8. Documents and communications consisting of, evidencing, or relating in any way

2

DN 6931179.1

EXHIBIT 1

to estimates or drafts of estimates that you or any other person or entity created with respect to the subject property. (Note that responsive estimates include those you received from any other person or entity such as contractors, subcontractors, vendors, or anyone else, regardless of whether those estimates were provided to TAIC or those persons or entities were ultimately retained.)

9. Documents and communications consisting of, evidencing, or relating in any way to compensation you have received or that you contend you are entitled to receive with respect to the subject claim. (Note, if responsive documents or communications include bank statements, financial or accounting reports, or other documents or communications that contain information regarding anything other than responsive compensation, you may redact that other information.)

10. Documents and communications consisting of, evidencing, or relating in any way to compensation you have received or that you contend you are entitled to receive for any work you performed for Plaintiff with respect to any matter other than the subject claim. (Note, if responsive documents or communications include bank statements, financial or accounting reports, or other documents or communications that contain information regarding anything other than responsive compensation, you may redact that other information.)

11. Documents and communications consisting of, evidencing, or relating in any way to any contracts you entered into with Plaintiff with respect to the storm, the subject property, the subject claim, or the subject litigation.

12. Documents and communications consisting of, evidencing, or relating in any way to any contracts you entered into on behalf of Plaintiff with respect to the storm, the subject property, the subject claim, or the subject litigation.

DN 6931179.1

EXHIBIT 1