

The Future of Legal Services for Small and Growing Businesses

Joanne P. Underhill, Esq.
Colin E. Moriarty, Esq.
**UNDERHILL LAW, P.C.**
7350 E Progress Place, Suite 110
Greenwood Village, Colorado 80111
P: (303) 721-7112/ F: (720) 353-4357
www.underhilllaw.com

August 17, 2022

**Sent Via U.S. Mail and Email to:** NBarker@Spencerfane.com cmammel@merlinlawgroup.com; tchensee@merlinlawgroup.com

Nathaniel Barker, Esq.
**SPENCER FANE, LLP**
1700 Lincoln Street, #2000
Denver, Colorado 80203

Christopher Mammel, Esq.
Tamara Chen-See, Esq.
**MERLIN LAW GROUP, P.A.**
222 Lakeview Avenue, Suite 950
West Palm Beach, Florida 33401

     **RE:**    Subpoena to Produce - Derek O'Driscoll and Impact Claim Services, LLC
             *Prairie Walk Condominium Association v. The American Insurance Company*
             U.S. District Court Case No. 1:22-cv-00870-DDD-NRN
             Our File No. 1.0140.28

To all:

     As you know, we represent Impact Claims Services, LLC. We have been asked to represent them with respect to the subpoena you have issued in the above-captioned case. To the extent necessary, please consider this to be our client's objections to the subpoena. *See* F.R.C.P. 45(d)(2)(B).

     **A.**    **Objection to Time of Compliance**

     For all requests, Impact objects to the subpoena as being unreasonable and unduly burdensome because it has not had reasonable time to comply. It takes Impact a significant amount of time to investigate and compile information. Mr. Derek O'Driscoll will need to schedule a time around his obligations to others to work on this subpoena, some of which involves your firms' demands in other cases. We ask for an extension of time to produce until <u>December 5, 2022.</u>

# underhill

Nathaniel Barker, Esq.
August 17, 2022
Page 2

**B.     Objections to Definitions and Instructions**

The "Definitions" section contains statements that render many requests overbroad and unduly burdensome. The term "You" is defined to include Impact but also its "members, shareholders, directors, officers, employees, representatives, agents, consultants, attorneys, and any one else acting on Impact's behalf." There is no authority I am aware of by which you can compel Impact to go out and search for information known to third parties. The witnesses are only required to produce documents in their custody or control. F.R.C.P. 45(a)(l)(a)(iii). The reference to "attorneys" is especially troubling, as it suggests you are asking the witnesses to produce all of their attorney-client communications. This instruction must be omitted.

The Colorado District Court has previously explained that information known to counsel alone is beyond the reach of discovery requests. *GSL Group v. Travelers*, United States District Court Case No. 1:18-cv-00746, Discovery Order, Doc. No. 82, (Oct. 8, 2019). The Magistrate there explained that information known to counsel but developed independent of the case at hand is beyond the reach of discovery directed to a particular party. *See Id.* at pp. 10 – 11.

You also provide an instruction with your proposed method of disclosing attorney-client privilege. This is not appropriate. Of the documents that result from Impact's initial search it is possible there will be documents that are protected by Impact's confidentiality, trade secrets, or privilege, or by the same privileges held by the insured. If Impact communicated with the insured's counsel in its capacity as an independent contractor providing information necessary for the attorney to provide legal advice to the insured, then that information would itself be privileged. We would propose handling this issue by producing a privilege log of documents that may be protected and, to the extent the privilege would need to be claimed by the insured, we propose producing responsive records to the insured's counsel first so that the insured has an opportunity to assert the privilege or not.

Your instructions seek all versions and drafts of documents. This is unduly burdensome and needlessly duplicative. Copies of the claim presentation, for example, might exist both in paper form and electronic form and on e-mail servers or cloud storage. It is unduly burdensome and irrelevant to ask my client to produce multiple copies of the same document.

**C.     Request to Apportion Payment.**

The search for and production of subpoenas by Impact is a burdensome process. Typically, the insurance company, your client, will already have a Claim Presentation package that should already provide the salient information. The subpoena goes further, asking Impact to scour its systems for any other information related to the claim or property. This takes time

# underhill

Nathaniel Barker, Esq.
August 17, 2022
Page 3

and, depending on the size of the claim file, can lead to excessively large productions of information.

Accordingly, Impact will be asking for Great Northern to pay its reasonable costs of compliance, including copy costs, the cost of hard drives or other storage media, Mr. O'Driscoll's time, and Impact's attorney fees. We do not know for certain how much Impact's costs will be at this time, but we anticipate them being around $15,000.00. Impact requests that your client agree to pay 2/3 of whatever the total costs of compliance may be as a fair apportionment.

The law in Colorado does require payment of reasonable costs of compliance when you serve a subpoena on a third-party. Under the current version of Rule 45, it is <u>mandatory</u> for American Family to protect Impact from significant expense. C.R.C.P. 45(d)(1); *In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.C.Cir. 1992). While prior versions of the rule may have required a nonparty to absorb the costs of compliance, since 1991 that is no longer true. *First Am. Corp. v. Price Waterhouse, LLP*, 1884 F.R.D. 234, 240 (S.D.N.Y. 1998). The expense that Impact incurs incurred here was significant. *See Linder v. Calero-Portcarrero*, 251 F.3d 178 (D.C.Cir. 2001) (noting that $9,000.00 is significant); *United States v. Blue Cross Blue Shield of Mich.*, 2012 U.S.Dist.LEXIS 146403 (E.D.Mich. 2012) (around $14,000 is significant).

During the time Impact is complying this subpoena, he is unable to put his time towards new, paying clients. The Civil Rules recognize that this kind of value is compensable. "[L]ost earnings" are properly awarded under F.R.C.P. 47(d)(1). Likewise, they also recognize that attorney fees are properly awarded. *Id*.

The Colorado District Court has already held that a 2/3 division of expenses is appropriate in situations like this one. *See Minute Order*, 17-cv-01773-MSK-MEH; *Opinion and Order Overruling Objections, Hiland Hills Townhome Owners Association v. Owners Insurance Company*, United Stated District Court for the District of Colorado Case No. 17-cv-01773-MSK-MEH (affirming same).

More recently, a different judge in the District Court has opined that such an award might not be available where a Motion for Protective Order was not initially filed. As a result, Impact is not willing to be subject to argument that it waived its right to apportion costs by complying with the subpoena prematurely. Prior to starting work on the subpoena, therefore, Impact would like an agreement that 2/3 of its costs will be paid. Absent that stipulation, I believe it is necessary that we seek an Order prior to complying with the subpoena.

# underhill

Nathaniel Barker, Esq.
August 17, 2022
Page 4

    **D.    Objections to Specific Designated Areas and Proposed Solutions.**

When a party seeks discovery, this Court should balance the burden and privacy interests at play against the relevance and need for discovery. *Corbetta v. Alberton's, Inc.*, 975 P.2d 718, 720 (Colo. 1999); *Belle Bonfils v. Denver*, 763 P.2d 1003, 1010 (Colo. 1988); *Liedholt v. District Court*, 619 P.2d 768, 770 - 1 (Colo. 1980).

    1.    *Requests for Impact's Claim File.*

We understand that Impact Request Nos. 1, 2, 7, and 8 essentially seek production of Impact's file underlying Impact's Claim Presentation or adjustment. To that extent, subject to the objections above and reasonable time for compliance, and subject to review and objection by the policyholder, Impact can comply. Impact can provide a response once it is able to schedule time to compile the information. Given Impact's schedule, we believe that Impact will be able to provide responsive documents by December.

    2.    *Requests for Communication with Third Parties.*

Request Nos. 3, 4, 5, and 6 asks for all communications between Impact (or its attorneys) and any other person (including the insured's counsel) related to the Property, the Claim, or the Lawsuit. To begin with, this request is overbroad and is not limited by time. To the extent such communications exist electronically, Impact would realistically need to agree on a series of search terms to automate the search and production. Impact would propose to search for the term "Prairie Walk" conjoined with each of the individuals listed in your request. If this is acceptable, let me know. If you have other search terms you would like us to use, please produce a reasonable list of the same within the categories you provided.

    3.    *Compensation.*

Request No. 9 requests all documents relating to any compensation. This is overbroad. Read literally, it would encompass any checks, bank statements, bookkeeping records or other information that showed any information at all related to payments on this claim, if any. Indeed, based on your suggestion to redact, it sounds like you want this level of unnecessary and burdensome production. I would propose instead that the production be limited to the checks actually paid (if any) and Impact's Engagement Agreement.

    4.    *Other Projects.*

Request No. 10 seeks information about matters other than the subject claim. This is harassing, overboard, unduly burdensome, vague, irrelevant, may infringe on the confidences

# underhill

Nathaniel Barker, Esq.
August 17, 2022
Page 5

and privileges of parties or third parties, and appears intended to harass my client and your opposing counsel. Discovery is limited to matters relevant to a claim or defense and proportional to the needs of the case. F.R.C.P. 26(b)(1). In addition to having no probative value, these requests place significant, unfair burden on Impact in terms of locating records and as a result of any potential compliance and are therefore inappropriate. *Panel Specialists, Inc. v. Tenawa Haven Processing, LLC*, 2017 Dist. LEXIS 130167 (2017) (refusing discovery of unrelated incidents due to burden). Mr. O'Driscoll and Impact have a right to be protected from burdensome and harassing subpoenas. F.R.C.P. (d)(1).

5. *Contracts*

Requests No. 11 and 12 appear to be duplicates. As with No. 9, I believe these can be satisfied by producing the Engagement Agreement.

3. **Conclusion.**

Hopefully, this letter outlines an agreement on production under the subpoena. If so, let us know and we can prepare a production for the appropriate time. If we still do not agree, please consider this to be our attempt to confer prior to bringing a Motion to Quash.

Sincerely,

Colin Moriarty

Christopher Mammel, Esq.
Tamara Chen-See, Esq.
MERLIN LAW GROUP, P.A.
222 Lakeview Avenue, Suite 950
West Palm Beach, Florida 33401

**underhill**
The Future of Legal Services for Small and Growing Businesses
7350 E. Progress Place, Suite 110
Greenwood Village, Colorado 80111

Nathaniel Barker, Esq.
SPENCER FANE, LLP
1700 Lincoln Street, #2000
Denver, Colorado 80203

**underhill**
The Future of Legal Services for Small and Growing Businesses
7350 E. Progress Place, Suite 110
Greenwood Village, Colorado 80111