

NATHANIEL SCOTT BARKER
DIRECT DIAL: 303-839-3792
nbarker@spencerfane.com

September 28, 2022

**VIA E-MAIL**

Colin Moriarty
Underhill Law, P.C.
7350 E. Progress Place, Suite 110
Greenwood Village, CO 80111
colin@underhilllaw.com

**Re:** ***Prairie Walk Condominium Association v. The American Insurance Company*, U.S. District Court Case No. 1:22-cv-00870: Response to August 17, 2022 Letter Regarding Defendant's Subpoena to Produce to Impact Claims Services, LLC**

Dear Colin:

I am writing in response to your August 17, 2022 letter, our August 26, 2022 conferral call, and your September 6, 2022 email regarding our client The American Insurance Company's ("TAIC") subpoena to your client Impact Claim Services, LLC ("Impact"). We appreciate the conferral and are able to agree to some of your proposals, but not others, as more fully set forth below.

**Impact's requested extension of time to comply**

Impact requests an extension of up to December 5, 2022, or almost four months longer than the deadline set forth in the subpoena. TAIC cannot agree to such an extraordinary extension of time. The Court-ordered deadline to complete fact discovery in this case is January 20, 2023. TAIC diligently served the subpoena on Impact on August 3, 2022—just over two weeks after the Court entered the Scheduling Order in this matter—in order to ensure responsive documents were received in time to analyze and use them in depositions of fact witnesses before the completion of fact discovery. Additionally, Impact proposes that, instead of providing responsive documents and communications to our firm, it provide them to Plaintiff's counsel to engage in a review of an indeterminate length of time for privilege or other protective claims. Given the lack of clarity as to when we would actually receive responsive materials, the intervening holidays, and the necessity of hearings to address any disputes, it is highly likely that we will not receive all responsive documents and communications until the eve of—or perhaps even after—the January 20, 2023 deadline to complete discovery. And it is certain that we will not receive them in sufficient time to use them in fact witness depositions.

With that said, TAIC will agree to an extension of up to and including October 14, 2022 for Impact to produce documents and communications to Plaintiff's counsel, so long as Plaintiff's counsel (who are copied on this letter) will agree to provide a privilege log of any withheld or redacted documents and produce documents for which no protective claims are made on or before October 21, 2022. This allows Impact almost three full months to comply with the subpoena, which is imminently reasonable and more than sufficient, as demonstrated by the fact that multiple nonparty subpoena recipients have been able to

DN 7087839.2



September 28, 2022
Page 2

produce voluminous records responsive to similar subpoenas served by both Plaintiff and TAIC within several weeks, not several months.

**Impact's objections to definitions and instructions**

As we discussed with respect to Impact's concerns regarding documents and communications in its counsel's possession, we agree that TAIC is not entitled to Impact's communications with its own attorneys or its own attorneys' work product, subject to providing an F.R.C.P. 45(e)(2)-compliant privilege log. However, we do not agree that a document or communication is privileged just because it is in counsel's possession. Not all communications with or documents held by attorneys are subject to attorney-client privilege, work product, or other protections. Documents held by Impact's attorneys should be produced to the extent they are responsive to the subpoena, with any withholdings or redactions catalogued in an appropriately detailed privilege log consistent with the requirements of F.R.C.P. 45(e)(2).

As to production of versions and drafts of documents and communications, we do not object to Impact producing only one copy of each version or draft, so long as Impact agrees to produce at least one copy of each and every version or draft document or communication that is responsive to the subpoena.

**Impact's request to apportion payment**

TAIC also cannot agree to apportion payment as requested. As we understand it, Impact is entitled to a contingency fee of 15% of any funds TAIC pays Plaintiff, which is payable as Plaintiff receives those funds. TAIC has paid Plaintiff $2,210,339.71 in benefits such that Impact should have already received $331,550.96 for its work on this case. Additionally, the services Impact agreed to provide Plaintiff include litigation-related work. The nearly one-third-of-a-million dollars Impact received from Plaintiff therefore includes—and is more than fair compensation for—work necessary to respond to TAIC's subpoena.

**Other issues related to specific categories**

We understand Impact will produce documents and communications responsive to Categories Nos. 1, 2, 7, and 8 on whatever date and in whatever manner is agreed upon or set by Court order.

As to Categories Nos. 3, 4, 5, and 6, we agree to the search terms you propose, subject to supplemental searches that may become necessary after receiving responsive documents and communications or in the course of other discovery in this matter.

As to Category No. 9, we agree to limit this category to production of Impact's Engagement Agreement with Plaintiff and copies of checks or other forms of payment. This agreement is subject to two conditions: (1) your certification that Impact has not received any compensation other than payment of money; and (2) Impact's agreement to any supplementation that may become necessary after receiving responsive documents and communications or in the course of other discovery in this matter.

As to Category No. 10, as you and I discussed, it may be moot if Impact has not performed any other work for Plaintiff. I understand you will look into this issue so that we can confer further.

DN 7087839.2



September 28, 2022
Page 3

As to Categories Nos. 11 and 12, we understand the only responsive document is Impact's Engagement Agreement with Plaintiff and that it will be produced.

I am available for a telephone call for further conferral if needed. Otherwise, we appreciate you letting us know by October 7, 2022 whether and the extent to which Impact agrees to these terms so we can raise any remaining disputes with the Court.

Sincerely,

*Nathaniel Scott Barker*

Nathaniel Scott Barker


Cc:   Christopher Mammel (cmammel@merlinlawgroup.com)
      Tamara Chen-See (tchensee@merlinlawgroup.com)
      Terence Ridley (tridley@spencerfane.com)
      Evan Stephenson (estephenson@spencerfane.com)

DN 7087839.2