

The Future of Legal Services for Small and Growing Businesses

Joanne P. Underhill, Esq.
Colin E. Moriarty, Esq.
**UNDERHILL LAW, P.C.**
7350 E Progress Place, Suite 110
Greenwood Village, Colorado 80111
P: (303) 721-7112/ F: (720) 353-4357
www.underhilllaw.com

October 13, 2022

**Sent Via U.S. Mail and Email to:** NBarker@Spencerfane.com cmammel@merlinlawgroup.com; tchensee@merlinlawgroup.com

Nathaniel Barker, Esq.
**SPENCER FANE, LLP**
1700 Lincoln Street, #2000
Denver, Colorado 80203

Christopher Mammel, Esq.
Tamara Chen-See, Esq.
**MERLIN LAW GROUP, P.A.**
222 Lakeview Avenue, Suite 950
West Palm Beach, Florida 33401

> RE: Subpoena to Produce - Derek O'Driscoll and Impact Claim Services, LLC
> *Prairie Walk Condominium Association v. The American Insurance Company*
> U.S. District Court Case No. 1:22-cv-00870-DDD-NRN
> Our File No. 1.0140.28

Dear Nathaniel:

This letter responds to yours of September 28, 2022, and, in particular, the demand that production occur tomorrow. I believe we need to contact the Court under Magistrate Judge Neurerieter's practice standard E(3) and notify them of a discovery dispute. To the extent necessary, consider this letter to be my objection under Rule 45(d)(2)(B) to your demand for compliance on October 15, 2022.

I.   **COSTS OF COMPLIANCE.**

We have been able to address many of the substantive concerns with the subpoena in our conferral, though some issues remain. The largest issue is Impact's contention that it should not be made to solely bear the burden of the cost of production. Under Rule 45(d)(1), a party serving a subpoena "must take reasonable steps to avoid imposing an undue… expense" on the deponent. And, where there is a discovery dispute and an order compelling production, Rule

underhill

Nathaniel Barker, Esq.
October 13, 2022
Page 2

45(d)(2)(B) holds that production can only be ordered along with an order protecting the deponent from "significant expense resulting from compliance."

Impact contends that these parts of the Rule are to be read together and make it "mandatory" that a party serving a subpoena must protect Impact from significant expense. After all, Rule 45(d)(1) specifically gives examples of what is an "undue" expense, in the form of "lost earnings" or attorney fees. As a result, there is no real difference between "undue" or "significant" expenses and both sections of the Rule are requiring basically the same thing. Some Judges in the Denver District Court have agreed with Impact. *See Minute Order*, 17-cv-01773-MSK-MEH; Opinion and Order Overruling Objections, Hiland Hills Townhome Owners Association v. Owners Insurance Company, United Stated District Court for the District of Colorado Case No. 17-cv-01773-MSK-MEH (affirming same). Under the *Hiland Hills* viewpoint, Impact could produce records and reserve its right to argue over the costs of compliance at some later date. That would be Impact's preference.

However, Judge Martinez recently took a different view of the Rule. *See Order Denying Motion for Order Requiring American Family to Pay Costs of Compliance with Subpoena*, Blueberry Hill Home Owners, Inc. v. American Family, United Stated District Court for the District of Colorado Case No.1:21-cv-00378. Under the *Blueberry Hill* approach, Rule 45(d)(1) only applies to "undue" burdens and the mandatory requirement that costs of compliance be paid only arises in the context of an Order compelling disclosure under Rule 45(d)(2). Judge Martinez also implies that an expense can be "significant" without being an "undue burden" and that the phrases mean different things. In other words, Judge Martinez has told Impact that it must object to the subpoena before production to trigger the mandatory language to avoid "significant expense" under Rule 45(d)(2). Even though Impact does not agree with his reasoning, it is well advised to heed his suggestion and formally object before production to preserve its rights.

II.     OTHER OBJECTIONS.

Though the cost of compliance objection is the most serious problem, it is not the only one. In your most recent letter, it appears your want this firm to provide a privilege log under Rule 45(e)(2) of all of its communications with Impact for the purpose of providing legal advice on Prairie Walk. That is a particularly burdensome and expansive view of the scope of such a log. Does your firm file a privilege log detailing each communication with the carrier about this lawsuit, and update it each week as you have more communication?

Similarly, the dates of compliance are in dispute. Impact respects the fact you served the subpoena reasonably soon after the Scheduling Order was entered, and Impact gave you a date that was reasonable given its schedule. Impact is a small company and work on your subpoena

# underhill

Nathaniel Barker, Esq.
October 13, 2022
Page 3

needs to be done basically exclusively by Mr. O'Driscoll before records are turned over to counsel. Each of his weeks are booked out months in advance. While I cannot divulge detailed information about Impact's other customers, of course, I can give you some examples of the kind of thing using up its time. The working week of October 23 is booked solid with inspections, meetings, production of records in unrelated matters, and a family funeral (that itself displaced a conference) around which Mr. O'Driscoll needs to fit his regular responsibilities for Impact. The following week is also booked for a HAAG wind certification conference. And, so on. Mr. O'Driscoll has set aside time to get records produced to this firm around November 28, 2022, at which point this firm will need to review, process, and bates stamp them for production. That is how the early December date was calculated.

      Given that this production is still a month from the close of discovery, I don't think there will be a problem with your schedule. And, as your firm knows from prior productions, you already have the relevant information from Impact anyway. The claim presentation is, by and large, the work product that encapsulates Impact's information. Impact prides itself on doing a good, thorough job with these presentations. When you issue a subpoena asking Impact to dig around for all files in any other location that might be relevant the claim or those involved, it will take this job seriously and do so. The relevant data in the production largely just duplicates what is in the claim file but sometimes comes along with extraneous things like scheduling e-mails and similar information. In other words, while I know you feel obligated to exhaust sources of information in these cases, there is no reason to suspect anything particularly important is involved here.

      I am available tomorrow afternoon and Monday morning to call the clerk with you and notify the Court of the discovery dispute. Let me know what time works for you.

                                           Sincerely,

                                           Colin Moriarty