

# Public Adjuster Contract

This Public Adjuster Contract ("Contract") is entered into this 4th day of October 2018 ("Effective Date") by and between Impact Claim Services, LLC ("Consultant"), with its business address of 750 West Hampden Avenue, Suite 425, Englewood, CO 80110 ("Consultant Address") and its business telephone numbers of (720) 560-3644 and Prairie Walk Condominium Association ("the "Insured") with its business address of c/o LCM Property Management, 1776 South Jackson Street, Ste. 300, Denver, Colorado 80210. The Consultant and Insured may be individually referred to a "Party" and are collectively referred to herein as the "Parties."

WHEREAS, prior to entering into this Contract, Insured received the Disclosure Statement attached hereto as Exhibit A and made of the Contract.

## RECITALS

1. The Insured owns property at 17335, 17346, 17388, 17389, 17422, 17443, 17497, 17520, 17525 and 17555 Nature Walk Trail; 17209 Wilde Avenue; 9142 Lodestar Lane and 9180 Rolling Lane, Parker, CO 80134 ("Property").
2. The Insured believes the Property has sustained damage, caused by Hail and/or Wind Storm, on or about July 16, 2018 and such damage is covered by, or is believed to be covered by the Insured's insurance policy. The Insured may have suffered other losses, such as, but not limited to, loss of use or costs of emergency repairs, which, if such losses are involved, are understood to be part of the claim to be made and pursued by Consultant on behalf of Insured.
3. The "Property" is insured by The American Insurance Company ("Insurance Company").
4. The Insured's Policy # is S 68 MZX 80981964 ("Policy").
5. The Insured's Policy's first effective date of coverage is October 15, 2017 ("Coverage Date").
6. The Insured's Claim # is (TBD and added) _____ ("Claim").
7. The Insured's Mortgage Company is Not Applicable ("Mortgage Company").
8. The Insured's Loan # is **Not Applicable.**
9. The Insured is current on their mortgage payments: ___Yes ___ No. Months behind ___
10. The Insured has the following other liens on their Property
    a. **No additional Liens**
11. Additional Losses has been discovered subsequent to the filing date of the Claim ("Additional Loss").
    a. **No Previous Claims**
12. The Consultant is a licensed Public Adjuster (Colorado Department of regulatory Agencies License # 392187, which specializes in working with insurance companies to achieve claim payments on behalf of insureds. The Consultant is bonded by AMCO Insurance Company, bond# 7900408992 in compliance with Colorado State Law.
13. The Insured desires to hire the Consultant to represent it in the adjustment and negotiation of its Claim for the losses and damages.

**Exhibit A**

## AGREEMENT

Insured Initials _____ Consultant Initials _____

Impact Claim Services . 750 W. Hampden Avenue, Suite 425, Englewood, CO 80110. www.impactclaimservices.com

TAIC_009674

Therefore, for good and valuable consideration, the receipt and sufficiency of which are acknowledged, and incorporating the WHEREAS and RECITAL paragraphs as part hereof, the Parties agree as follows:

**1. Services.** Consultant will provide its expertise and services to assist in the presentation of the Claim and will assist Insured to recover payment of and for,, and to assist to resolve and settle, the Claim, including providing any needed litigation assistance to Insured and its counsel, for the fair and reasonable value of any and all of the damages and losses for the Claim or related to and/or arising from the Claim. Consultant's services may include, but may not be limited to the: preparation and presentation of the Claim; documentation of the damages and losses, coordinating and communicating with necessary experts or professionals for preparation of such documentation, presentation of any required claim form of "Sworn Statement in Proof of Loss," and any other measures deemed necessary by Consultant to settle or otherwise resolve the Claim on behalf of the Insured. Such resolution or settlements may include, but are not limited to claims adjustment, mediation, appraisal, arbitration, lawsuit settlements, lawsuit awards, or combination thereof ("Settlements"). The Services will include the preparation and presentation of the Claim, which may include, but is not necessarily limited to, the following: Documentation of the loss or losses; use of Xactimate to derive material replacement costs and any other costs or expenses which can be determined by that program; coordination and communication with the Insured, needed and engaged experts, specialists, attorneys and other involved professionals; presentation of any claim form or "Sworn Statement in Proof of Loss" required by any insurer; and, any other measures deemed necessary by Impact Claim Services to settle or resolve the Claim on behalf of the Insured.

**2. Fees, Expenses, and Payment.**

a. Fees. The Insured shall pay to the Consultant a percentage of fifteen percent (15%) from all funds paid by the Insurance Company for any recoveries or settlements or from any and all proceeds from settlements and/or judgments which result from litigation pursued by Insured in excess of $0 ("Fee"). If Consultant Services result in multiple settlements and/or judgments, Consultant shall be entitled to its fifteen percent (15%) Fee for and on each respective settlement and/or any judgement until the Fee is paid in full plus any costs or expenses as set forth herein.

b. Expenses.

(i) If, following the 72-hour rescission period, the Insured decides not to proceed with the Claim, once the Consultant has started providing services, the Insured will pay Consultant for his time incurred working on the Claim prior to Consultant's receipt of the Insured's written notice of termination via US Certified Mail, at an hourly rate of $375 per hour for any licensed public adjuster, employee or staff member of the Consultant, who is involved and worked on the Claim.

(ii) The Insured shall be responsible for paying expenses for, any needed experts or other involved professionals on the Claim (e.g., estimator's fees, engineering fees, meteorologist fees, thermography fees, or any other such needed experts' fees., Consultant will provide estimates on the costs of any such experts' expenses in advance of any engagement of such expert(s). Such fees and costs shall not exceed $26,000, unless first being approved by the Insured. Insured will make payment directly for any such needed experts unless the Consultant and the Insured agree to the contrary in writing. In the event the Insured does not consent to making such direct payments and such experts are, in the sole discretion of the Consultant, deemed to be necessary for the proper preparation and processing of the claim, Consultant may terminate this Contract and shall be entitled to its fees and expenses to that point in time as provided in the prior subsection. In the alternative, and at the Consultant's sole discretion, if the Consultant decides to proceed with the services, the Consultant may, but shall not be required to, cover the expenses for any needed experts on the Claim, on behalf of the Insured. In the event that the Consultant covers the expenses of experts on a Claim which have not been agreed to be paid directly by Insured, the Fee shall be adjusted to also include reimbursement of the Consultant for its incurred and covered expenses for such experts which expenses are understood and agreed to be in addition to and not part of the Fee.

Insured Initials _[signature]_  Consultant Initials _[signature]_

...
...

(iii) In the event that either party terminates this Contract prior to the Claim being settled, the Insured shall remain liable to the Consultant for any agreed upon covered expenses relating to the payment of experts and for the payment of the $375 per hour rate, including any partial hours expended by quarter of an hour segments. However, Consultant shall be required to provide the Insured with an itemized invoice setting forth all fees and costs incurred and the Insured shall not be obligated to make payment until a reasonable time after it has received the invoice.

(iv) If a problem arises during the claim process due to false information provided by the Insured, whether to Consultant or to the insurer, whether intentional or unintentional, which results in a cancellation of coverage or denial of the claim, the Insured agrees to reimburse and will reimburse Consultant for any and all of Consultant's fees based upon the hourly rates, as well as any and all costs and expenses incurred, including any and all expert's or other professional's fees whether or not approved in writing by Insured, which are reasonably incurred by Consultant in the performance of the Services described above.

(v) Consultant agrees to provide Insured with such receipts, ledgers, and other records as may be reasonably appropriate for Insured or its accountants to verify and document the amount and nature of such expenses.

c. **Payment.** Insured agrees, as specified in the Notice Letter to the insurer, that any payments from the Insurance Company, including any payments which name the Mortgage Company, shall name Consultant as a co-payee (see also paragraph 11 hereof). Unless previously approved and signed in writing from Consultant, payment of the Fee shall be due upon the endorsement by the Consultant of any Claim Payment Check received by the Insured for any settled Claim, or for each and every payment made until the full amount of the Fee and any and add reimbursable expenses have been paid, delivered to the Consultant either in person, or via USPS Certified mail to 750 West Hampden Avenue, Suite 425, Englewood, CO 80110.

d. **Deductible.** It is expressly agreed and understood that the Insured is responsible for payment of any applicable deductible and the Consultant's Fee and expenses are not and cannot be reduced by the amount of any deductible.

**3. Timeliness of Performance.** Consultant will make its best efforts to timely perform all Services under this Contract. However, Consultant will be excused from performance under this Contract to the extent such performance is prevented, delayed, or obstructed by causes beyond its reasonable control, including (without limitation) acts of any federal, state, or local governmental authority; fires, floods, or other natural disasters; strikes or labor unrest; terrorism or acts of war; degradation of telecommunications service; severe weather conditions; or for any other matters that are beyond the Consultant's control, whether or not otherwise foreseeable. Further, Consultant shall not be responsible for delays caused directly or indirectly by actions of the Insured.

**4. Term and Termination.** This Contract shall begin on Effective Date and end two (2) years from the Effective date. This Contract shall automatically renew for another (2) years term, unless either party provides notice to the other of its intent to terminate this Contract not less than thirty (30) days before the end of the then current term. Either party may terminate this Agreement by 60 days advance written notice to the other party. If Insured terminates this Contract, Insured will remain liable to Consultant for all owed fees specified in Section 2 of this Contract, which will become immediately payable upon termination.

**5. Cooperation.** To enable Consultant to perform the Services contemplated by this Contract as efficiently as possible, Insured agrees to provide reasonable cooperation and assistance, as Consultant may request, which may include, but shall not be limited to, Insured providing Consultant with information relating to the Claim that Consultant has requested from Insured. Failure of Insured to provide reasonable cooperation and assistance shall result in a Breach of this Contract. If Insured is not providing reasonable cooperation, Consultant shall notify Insured of the Breach. If after receiving notification, the Breach is not cured within fifteen calendar days (15), Consultant may terminate this Contract and shall be reimbursed for its Fee and Expenses incurred by Consultant up until the expiration of the Breach Notice to Cure Period.

Insured Initials _____  Consultant Initials _____

Impact Claim Services . 750 W. Hampden Avenue, Suite 425, Englewood, CO 80110. www.impactclaimservices.com

TAIC_009676

6. **Representations as to the Nature of Services.** Services provided by Consultant under this Agreement will conform to and be of the kind and quality performed generally in the industry and will be performed directly by qualified personnel. If Insured believes that Consultant has breached these representations, Insured will notify the Consultant in writing, which may include email, specifying the nature of the alleged breach. Consultant will have fifteen (15) calendar days, to remedy any actual breach. If after receiving notification, the Consultant's breach is not cured within fifteen calendar days (15), Insured may assert its claim and pursue the remedies for arbitration under and pursuant to the General Provisions unless otherwise agreed to between the Parties.

7. **Limitation on Damages**. With the express exception of the provisions of paragraph 2 b. (iv), neither Insured or Consultant will be liable to the other for special, incidental, or consequential damages in connection with their obligations under this Contract, either in contract or tort, whether or not the possibility of such damages have been disclosed in advance or could have been reasonably foreseen. If this limitation of special, incidental, and consequential damages is held unenforceable, then the parties agree that by reason of the difficulty in foreseeing such possible damages, all liability for special, incidental, and consequential damages will be limited to a maximum of the aggregate amount paid by Insured to Consultant as liquidated damages and not as penalty. The Fee provided for in this Contract reflects the allocation of risks and the limitation of liability specified in this Contract.

8. **Right to Rescind.** Insured may rescind this Contract within 72 hours of execution, by providing a signed, writing Notice of Rescission, via US Mail or overnight delivery to the Consultant at the Consultant Address, Attn: Derek O'Driscoll. The termination notice date shall be the date of mailing and not the date of receipt.

9. **Exclusivity of Claim**. Insured warrants that no other claims have been filed in reference to the Loss and that no other representation is involved with this Claim. Insured shall execute the Consultants Letter of Representation notifying the Insurance Company that Consultant shall be negotiating the Claim on the behalf of the Insured and that any further communication from the Insurance Company regarding the Claim shall be directed solely to the Consultant. Insured shall provide Insurance Company with all requested forms of proof necessary to establish the Consultant's authority to represent the Insured.

10. **Non-Exclusivity of Services.** Insured acknowledges that Consultant may or will be performing similar services for insureds other than Insured. Unless the nature of such services would expressly violate a specific provision of this Contract, this Contract does not prohibit Consultant from performing services for such other insureds. Consultant may, in its discretion, subcontract its work under this Contract to other licensed public adjusters.

11. **Authorization.**

    (a) *Insurance Company*. As set forth in the Consultants Letter of Representation the Insured shall request and authorize the Insurance Company to name Consultant as a co-payee, in addition to other parties, on all checks or payments issued by the Insurance Company for settlement of the Claim up to the point when Consultant's Fee and expenses have been paid in full In the event the Insurance Company fails to make Consultant the co-payee of the settlement proceeds and Insured recovers proceeds from the Claim, Insured shall be obligated to pay and, until Consultant is paid, remain and expenses due to the Consultant pursuant to this Contract, and Consultant may place a lien on any recovered Settlement Amounts.

    (b) *Mortgage Company.* If the Mortgage Company were to receive settlement payments which do not include the Consultant as a co-payee, the Insured shall authorize the Mortgage Company to release a check to Consultant, as the only payee, for all of Consultant's Fee if all of the entire Claim settlement amount was paid or for the percentage due and owing of Consultant's Fee of the amount of any such payment which is less than the full settlement amount, with no deduction of deductible, regardless of whether Mortgage Company will make payment to the Insured in single or multiple payments.

Insured Initials _____ Consultant Initials _____

c) *Client/Consultant Authorization.* Client and Consultant hereto represents to the other Party that it has full power and authority to execute this Agreement Contract and to be bound by and shall perform in accordance with the terms hereof. On request, each Party shall furnish to the other evidence of such authority.

**12. General Provisions.**

a. This Contract constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements between the Parties, whether written or oral, relating to the same subject matter.

b. No modification of this Contract will be effective unless in writing signed by an officer of Consultant and a duly authorized representative of Insured. In event of a conflict between this Contract and other representations, whether written or oral, the provisions of this Contract will prevail.

c. The waiver by either Party of a breach or default in any of the provisions of this Contract by the other Party will not be construed as a waiver of any succeeding breach of the same or other provisions; nor will any delay or omission on the part of either Party to exercise or avail itself of any right, power, or privilege that it has or may have under this Contract operate as a waiver of any breach or default by the other Party.

d. This Contract will be governed by and construed in accordance with the laws of the State of Colorado.

e. Any controversy or claim arising out of or related to this Contract shall be submitted by the Parties to binding arbitration in front of a single arbitrator in accordance with the rules of the American Arbitration Association ("AAA"). If the Parties agree they may use an arbitrator who is not affiliated with the AAA. Such arbitration shall be conducted in Denver, Colorado, and the Parties expressly consent to jurisdiction over them of the Colorado Courts to compel arbitration and to enter an order enforcing any award from any arbitration.

e. If any provision of this Contract is found unenforceable under applicable law, the remaining provisions of this Contract will nonetheless be enforced to the maximum extent permitted by law consistent with the fundamental intent of the Parties.

f. Each party represents and warrants to the other party that this Contract has been duly authorized, executed, and delivered in furtherance of its business purposes and is a binding obligation of such party. This Contract may be executed simultaneously in one or more counterparts, including facsimile transmission or email, each of which will be deemed an original, but all of which together will constitute one and the same instrument.

g. The prevailing party in any arbitration or court action brought under the provisions of this Contract is entitled to recover reasonable attorney fees, expenses and costs.

h. <u>Independent Contractor</u>. Consultant is not an employee or agent of the Insured, but only an independent contractor. Nothing in this Agreement shall authorize or empower Consultant to create or assume any obligation or responsibility whatsoever, express or implied, in the name or on behalf of the Insured, nor to make any representation, warranty or agreement on the Insured's behalf other than what is specifically stated in this Agreement. This paragraph does not prohibit Consultant from retaining experts on behalf of the Insured as provided elsewhere in this agreement.

i. <u>Payment No Release</u>. No payment to under this Agreement shall be deemed to operate as Client's acceptance of services or admission that Impact Claim Services has satisfactorily performed the pertinent services. And no allegation that Impact Claim Services has not performed the pertinent services shall justify a delay or failure to make payment to Impact Claim Services.

Insured Initials _____ Consultant Initials _____

Impact Claim Services . 750 W. Hampden Avenue, Suite 425, Englewood, CO 80110. www.impactclaimservices.com

TAIC_009678

j.  **Notices. All notices required by law or by this Agreement to be served on one party by the other shall be, unless otherwise specified in this Agreement, in writing and deemed duly served one business day after deposit in the United States mail, first class postage paid.

**To Insured:**

Prairie Walk Condominium Association
c/o LCM Property Management
1776 S. Jackson Street, #300
Denver, CO 80210

**To Consultant:**

Impact Claim Services, LLC
Mr. Derek O'Driscoll
750 W. Hampden Ave., Suite 425
Englewood, CO 80110

Either party may change its address for these purposes by giving written notice of the change to the other party in the manner provided for in this paragraph.

[Balance of this page is intentionally left blank. Signature Page of Impact Claim Services Public Adjuster Contract on next page]

Insured Initials _____  Consultant Initials _____

Impact Claim Services . 750 W. Hampden Avenue, Suite 425, Englewood, CO 80110. www.impactclaimservices.com

TAIC_009679

IN WITNESS WHEREOF, Consultant and Insured have executed this Contract as of the date set forth above.

INSURED:

Prairie Walk Condominium Association

By _____
Ryan Hinton, Board President

on behalf of Prairie Walk Condominium Association

Date  10-4-18

CONSULTANT:

Impact Claim Services, LLC

By _____
Derek O'Driscoll, President

Date  October 4, 2018

Insured Initials _____  Consultant Initials _____

Impact Claim Services . 750 W. Hampden Avenue, Suite 425, Englewood, CO 80110. www.impactclaimservices.com

TAIC_009680

# Public Adjuster Contract Disclosure Statement

This Disclosure Statement is required by Colorado Division of Insurance Regulation 1-2-19.

**General Information**

Please be informed that:

1. Property insurance policies obligate the insured to present a claim to his or her insurer for consideration. There are three (3) types of adjusters that could be involved in that process. The definitions of the three (3) types are as follows:

    a. "Company adjuster" means the insurance adjusters who are employees of an insurance company. They represent the interest of the insurance company and are paid by the insurance company. They will not charge you a fee.

    b. "Independent adjuster" means the insurance adjusters who are hired on a contract basis by an insurance company. They represent the insurance company's interest in the settlement of the claim and are paid by the insurance company. They will not charge you a fee.

    c. "Public adjuster" means the insurance adjusters who do not work for any insurance company. They work for you, the insured, to assist in the preparation, presentation and settlement of the claim. The insured hires them by signing a contract agreeing to pay them a fee or commission based on a percentage of the settlement, or other method of compensation.

2. The insured is not required to hire a public adjuster to help the insured meet his or her obligations under the policy, but has the right to do so;

3. The insured has the right to initiate direct communications with the insured's attorney, the insurer, the insurer's adjuster, and the insurer's attorney, or any other person regarding the settlement of the insured's claim;

4. The public adjuster is not a representative or employee of the insurer;

5. The salary, fee, commission, or other consideration is the obligation of the insured, not the insurer; and,

6. The insured has the right to rescind the contract within seventy-two (72) hours of the contract being signed. The rescission shall be in writing, addressed to the public adjuster, at the address in the contract, and the insurer, and placed in the mail or delivered to the public adjuster within seventy-two (72) hours.

**Execution in Duplicate**

The contracts and disclosure statement shall be executed in duplicate to provide an original contract and disclosure statement to the public adjuster and an original contract and disclosure statement to the insured. The public adjuster's original contract and disclosure statement shall be available at all times for inspection by the Commissioner or his or her designee.

**Notification Letter**

Insured Initials [signature]   Consultant Initials [signature]

Impact Claim Services . 750 W. Hampden Avenue, Suite 425, Englewood, CO 80110. www.impactclaimservices.com

TAIC_009681

The public adjuster shall provide the insurer a notification letter, which has been signed by the insured, authorizing the public adjuster to represent the insured's interest. The letter shall be accompanied by a copy of the signed public adjuster contract.

**Rights under the Colorado Consumer Protection Act.**

Please be informed that an insured may have rights as provided in the Colorado Consumer Protection Act, Title 6 of the Colorado Revised Statutes.

**Right of Rescission**

The insured has the right to rescind the contract within seventy-two (72) hours of the contract being signed. The rescission shall be in writing, addressed to the public adjuster, at the address in the contract, and the insurer, and placed in the mail or delivered to the public adjuster within seventy-two (72) hours.

If the insured exercises the right to rescind the contract, anything of value given by the insured under the contract will be returned to the insured within fifteen (15) business days following the receipt by the public adjuster of the cancellation notice.

**Acknowledgment**

The undersigned acknowledge that Impact Claim Services, LLC, a licensed Public Adjuster, has provided the Insured, Prairie Walk Condominium Association, with this Disclosure Statement and the Insured received it prior to the signing of any Public Adjuster Contract.

**IMPACT CLAIM SERVICES, LLC**
Agency License No. 438335
By: _____
Derek O'Driscoll, as Manager and
As an individual Licensed Public Adjuster
Individual License No. 392187

By: _____
Ryan Hinton, Board President
On behalf of Prairie Walk Condominium association
Date: 10-4-18

Insured Initials _____ Consultant Initials _____

Impact Claim Services . 750 W. Hampden Avenue, Suite 425, Englewood, CO 80110. www.impactclaimservices.com

TAIC_009682