IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00870-DDD-KAS

PRAIRIE WALK CONDOMINIUM ASSOCIATION,

    Plaintiff,

v.

THE AMERICAN INSURANCE COMPANY, a corporation,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion for Sanctions Under Fed. R. Civ. P. 11(b)(3) Due to Factually Unfounded Representations Supporting Defendant's Motion to Amend Affirmative Defenses and Add Counterclaims for Declaratory Judgments (ECF 77)** [#115] (the "Motion"). Defendant filed a Response [#121] in opposition to the Motion [#115], and Plaintiff filed a Reply [#122]. The Motion [#115] has been referred to the undersigned. *See Order Referring Motion* [#116]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the following reasons, the Motion [#115] is **DENIED**.[1]

---

[1] Because the Court declines to impose dispositive sanctions against Plaintiff, it decides the Motion [#115] by Order rather than by Recommendation. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995) ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) [which governs non-dispositive matters] rather than Rule 72(b) [which governs dispositive matters]."); *see also U.S. ex rel. Jimenez v. Health Net, Inc.*, No. 99-cv-01259-EWN-MJW, 2005 WL 2002435, at *4 (D. Colo. Aug. 19, 2005) (finding magistrate judge's order on Rule 11 sanctions was non-dispositive where "it [did] not have the effect of resolving a claim in the litigation or dropping a party in the litigation.").

## I. Background

The parties are familiar with the facts underlying this case, which the Court summarized in its Order [#96] granting Defendant leave to amend. *See Order* [#96] at 1-3. Very briefly, this insurance coverage dispute arises from a July 16, 2018 hailstorm that damaged several commercial residential buildings managed by Plaintiff Prairie Walk Condominium Association. *Id.* at 1 (citing *Compl.* [#3], ¶¶ 3, 13). After the loss, Plaintiff retained a public adjuster, Derek O'Driscoll ("O'Driscoll") of Impact Claim Services, LLC ("Impact"), who reported it to Plaintiff's insurer, Defendant The American Insurance Company. *Id.* at 2 (citing *Motion to Amend* [#77]). Defendant issued undisputed payments of approximately $2.2 million. *Id.* Impact later sent Defendant a claim demand, along with estimates ranging from $9.9 to $14 million, and requested payment of the "net claim amount." *Id.* (citing *O'Driscoll Letter* [#77-3] at 40).

On February 22, 2022, Plaintiff sued Defendant in Colorado District Court, alleging breach of contract and unreasonable delay of benefits owed in violation of Colo. Rev. Stat. §§ 10-3-1115 and -1116, and Defendant removed to this Court on April 12, 2022. *See generally Compl.* [#3]; *Notice of Removal* [#1]. On May 16, 2022, Defendant filed an Answer [#16] and the case proceeded to discovery. *See Scheduling Order* [#24]. The deadline for joinder of parties and amendment of pleadings was set for August 15, 2022. *Id.* at 16, § 9.a.

On December 5, 2022, Defendant received "nearly 75,000 pages of documents from Impact in response to a subpoena" that included an email from O'Driscoll to Natalie Tuccio at Reconstruction Experts ("RE"). *See Order* [#96] at 6; *Tuccio Email* [#77-5]. The Tuccio Email [#77-5] referenced an RE Proposal [#77-6], but Defendant asserted that it

2

did not receive the RE Proposal [#77-6] *until January 18, 2024. See Motion to Amend* [#77] at 4 (arguing that "O'Driscoll/Impact withheld the estimate itself for more than a year, until January 18, 2024, and only after Defendant's counsel insisted it be produced"). The RE Proposal [#77-6] totaled nearly $1.7 million in repairs, significantly less than the estimates O'Driscoll had presented to Defendant in his claim demand letter. *See RE Proposal* [#77-6] at 3.

Based largely on this "recently revealed information," Defendant moved to amend its affirmative defenses and to plead counterclaims. *See Motion to Amend* [#77] at 1. Although Plaintiff opposed the proposed amendments, it did not attack the assertion that the RE Proposal [#77-6] had been withheld until January 2024. Instead, it argued that Defendant had some notice of the proposal based on the Tuccio Email [#77-5] it had received in December 2022. *See Response to Motion to Amend* [#84] at 5-7 (asserting that the Tuccio Email [#77-5] "which was in [Defendant's] counsel's possession in December 2022, makes clear *notice was given* that some form of 'estimate' was provided as an attachment to one of the emails") (emphasis in original). Plaintiff argued, essentially, that Defendant knew that an estimate existed, but waited until the end of fact discovery to seek any relief based on its nondisclosure. *Id.* at 7.

The Court found that the late disclosure of the RE Proposal [#77-6], as represented by Defendant and undisputed by Plaintiff, constituted good cause under Rule 16(b)(4) to allow amendment after the Scheduling Order deadline. *See Order* [#96] at 10-13 & n.3. In fact, the Court expressly relied on *this representation alone* in finding good cause. *See id.* at 13 n.3 ("Because the RE Proposal [#77-6] alone provides good cause to modify the deadline for amendment of pleadings, the Court need not also consider whether other

3

late discoveries support late amendment."). That finding also informed the Court's determination that there had been no undue delay in seeking to amend, under Rule 15(a)(2). *Id.* at 15 ("Regarding the concealment/misrepresentation affirmative defense, the Court has already found good cause for the late amendment based on the January 18, 2024 disclosure of the RE Proposal [#77-6]."). The Court granted Defendant's Motion to Amend [#77] and directed it to file a clean copy of its Amended Answer and Counterclaims. *Id.* at 17.

Ultimately, Defendant's assertion about when it received the RE Proposal [#77-6] was false. On September 9, 2024, Defendant filed a Notice of Errata as to Various Filings [#112] (the "Errata"). It corrected its Motion to Amend [#77] and its Reply [#89], replacing each assertion that the RE Proposal [#77-6] had been withheld until January 2024 with a statement that it had been produced in December 2022 in response to Defendant's subpoena. *See Errata* [#112] at 1-3.

On September 16, 2024, Plaintiff filed the instant Motion for Sanctions [#115], arguing that Defendant had failed to conduct a reasonable inquiry into the facts, resulting in false representations to the Court that the Court ultimately relied on in permitting amendment. *See Motion* [#115] at 6-7. Plaintiff seeks sanctions pursuant to Fed. R. Civ. P. 11(b)(3), including (1) a finding that Defendant's counsel violated Rule 11(b); (2) striking allegations in Defendant's Eighth Defense addressing concealment and Impact's alleged contingency fee; (3) striking "any reference to any alleged fee agreement between Prairie Walk and its legal counsel in this case and counsel's financial motivation to participate in alleged fraud [i.e., to attempt to inflate the claim and to obtain a double recovery of benefits]"; and (4) "other sanctions as may be deemed appropriate in the

4

Court's discretion, including reasonable attorneys' fees and costs incurred in filing this motion." *Id.* at 12-13. Plaintiff notes that it served "an unfiled draft version of this motion" on August 21, 2024. *Id.* at 1.

## II. Legal Standards

### A.   Rule 11

In pertinent part, Fed. R. Civ. P. 11(b) provides that, by filing a pleading, motion, or other paper, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) "it is not being presented for any improper purpose"; (2) "the claims, defenses, or other legal contentions are warranted by existing law"; (3) "the factual contentions have evidentiary support"; and (4) "the denials of factual contentions are warranted on the evidence".

Rule 11(c) allows the court to impose sanctions on "any attorney, law firm, or party that violated the rule" after notice and a reasonable opportunity to respond. "[T]he central purpose of Rule 11 is to deter baseless filings in district court" and district courts have "broad discretion to impose Rule 11 sanctions[.]" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 407 (1990).

The award of Rule 11 sanctions is a two-step process: (1) the district court finds a Rule 11 violation; and (2) the district court imposes an appropriate sanction. *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019). To avoid sanctions, a litigant's conduct must be objectively reasonable. *Id*. For a legally trained litigant, the standard is "whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991) (citing

5

*White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990); *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988)). However, "Rule 11 is not designed to frighten parties or attorneys away from pursuing lawsuits or articulating creative theories of recovery." *Duprey v. Twelfth Jud. Dist. Ct.*, 760 F.Supp.2d 1180, 1226 (D.N.M. 2009); *see also Edwards v. Hare*, 682 F. Supp. 1528, 1535 (D. Utah 1988) ("Rule 11 sanctions are not intended to 'chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'") (quoting Fed. R. Civ. P. 11 advisory committee note). In determining whether Rule 11 sanctions are appropriate, any doubts must be resolved in favor of the party who signed the pleading. *See Edwards*, 682 F. Supp. at 1535.

**B.    Safe Harbor**

A motion for Rule 11 sanctions must "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2); *see also Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006) (explaining that Rule 11 requires "a copy of the actual motion for sanctions to be served . . . at least twenty-one days prior to the filing of that motion").[2] The purpose of this "safe harbor" provision is to "mitigate Rule 11's chilling effects" and give the offending party an opportunity to withdraw the challenged pleading without court involvement. *Roth*, 466 F.3d at 1192 (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1337.2 at 722 (3d ed. 2004)). The safe harbor provision "is strictly enforced in this circuit." *Dowling v. Gen. Motors LLC*, 333

---

[2] This portion of *Roth* referred to an older version of the rule, when the provision for a sanctions motion was found at Rule 11(c)(1)(A). *See Roth*, 466 F.3d at 1191-92 (quoting from then-operative "subsection (c)(1)(A)"). That provision is now found at Rule 11(c)(2), with only minor textual changes, none of which are relevant to this analysis.

F.R.D. 534, 538 n.5 (D. Colo. 2019) (quoting *Wolf v. Petrock*, No. 08-cv-02749-PAB-KMT, 2010 WL 2232353, at *2 (D. Colo. June 2, 2010)); *see also Roth v. Green*, 466 F.3d 1179, 1192-93 (10th Cir. 2006) (rejecting argument that Rule 11 permits substantial, as opposed to strict, compliance) (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment) ("The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served.").

### III. Analysis

Defendant argues that Rule 11 sanctions are unwarranted in this case because (1) Plaintiff did not comply with Rule 11's procedural requirements because it filed a different version of the motion than it served on Defendant; (2) because the RE Proposal [#77-6] "was so inconspicuous in [Impact's December 2022] production that all of Plaintiff, Impact, and Defendant—and their respective lawyers—did not realize it was there until recently"; (3) because it "promptly corrected every place in the record stating the incorrect date of that production," which is all Rule 11 requires; and (4) that there is no Rule 11 violation regarding allegations that Plaintiff's counsel and Impact are working under contingent-fee arrangements. *See Response* [#121] at 1-2.

Plaintiff argues that it only made non-substantive changes to the Motion [#115] before filing: "no changes other than the additions necessary to describe the conferral, and in light of that, the edits to remove text sufficient to meet the remaining Length Limitation." *Reply* [#122] at 3. It argues that Defendants do not explain why the RE Proposal [#77-6] was not located in the year following production and reiterates its request to strike the allegations of contingent fee agreements and portions of Defendant's Eighth Defense. *Id.* at 4-8.

7

Because the Court finds that Rule 11 sanctions must be denied for procedural reasons related to the safe harbor provision, it does not reach the arguments about contingency fee allegations or the parties' failure to recognize that the RE Proposal [#77-6] had been produced in December 2022.

### A.     Plaintiff's Compliance with Safe Harbor

The Court has reviewed the Red-Lined Sanctions Motion [#121-1] submitted by Defendant which shows all the changes between the version served on Plaintiff and the Motion [#115] ultimately filed with the Court. As Defendant argues, the two versions are not identical and the filed version includes numerous changes, but Plaintiff is correct that those changes are essentially non-substantive—*except* for what appears to be a new argument that the contingency fee allegations are "immaterial, without factual basis." *See Red-Lined Sanctions Motion* [#121-1] at 16. Both versions clearly seek the same sanctions (and the striking of the same allegations) based on the same specific conduct.

Defendant argues that Plaintiff's Motion [#115] warrants denial because Defendant failed to file the same version of Motion that was served, and courts strictly enforce Rule 11's requirements. *See Response* [#121] at 8. The Court agrees. *See Roth*, 466 F.3d at 1192. The Court, nevertheless, acknowledges Plaintiff's concern that the conferral statement could not be completed until the parties conferred on the motion to be filed. However, a movant's mere addition of a conferral statement would not change even a single word in the rest of the motion. Here, the addition of conferral details was not the only change Plaintiff made. *See Reply* [#122] at 3 (arguing that edits were made to meet length requirements); *see also See Red-Lined Sanctions Motion* [#121-1] at 16 (containing new immateriality arguments). To the extent Plaintiff failed to serve "a copy of

8

the actual motion for sanctions," the Motion [#115] is subject to denial on that basis alone. *Roth*, 466 F.3d at 1192-93 (finding the district court abused its discretion by awarding Rule 11 sanctions where the movant failed to comply with the safe harbor provision).

B.   **Defendant's Corrective Action Regarding Allegations of a Withheld Estimate**

Rule 11 sanctions are also unwarranted because Defendant promptly took corrective action and acknowledged its error during the safe harbor period.

"[T]he 'cure' of alleged Rule 11 violation is the withdrawal or correction of an improper pleading[.]" *In re Waldrop*, Nos. 15-14689-JDL, ADV. 16-1015-JDL, 2017 WL 4857425, at *6 (Bankr. W.D. Okla. Oct. 25, 2017) (quoting *In re Quinones*, 543 B.R. 638, 648 (Bankr. N.D. Cal. 2015)). "If the alleged violator remedies the alleged violation" during the safe harbor period, "the moving party is barred from filing the motion with the court." *Grynberg v. Ivanhoe Energy, Inc.*, 663 F. Supp. 2d 1022, 1026 (D. Colo. 2009) (citing Fed. R. Civ. P. 11(c)(2)).

Here, Plaintiff served Defendant a sanctions motion on August 21, 2024, beginning a 21-day safe harbor period. *See Motion* [#115] at 1. Defendant filed a Notice of Errata [#112] nineteen days later, on September 9, 2024, correcting the factual errors regarding the RE estimate in its Motion to Amend [#77] and Reply [#86]. Plaintiff "suggests the Notice of Errata is insufficient" because "the Court was not told why the Notice was filed or requested to take any action based on it," but it cites no authority and makes no argument based on the text of Rule 11. *See Reply* [#122] at 7. The Court disagrees with Plaintiff's argument because Rule 11(c)(1)(A) expressly contemplates a challenged paper being "withdrawn or appropriately corrected" during the safe harbor period, suggesting that either option is sufficient. To the extent Plaintiff intimates that the

9

Notice of Errata warranted the Court's reconsideration of its Order [#96] granting Defendant's Motion to Amend [#77], Plaintiff did not seek any such relief.

Thus, the Court finds that Defendant discharged its safe harbor obligations under Rule 11 by filing the Notice of Errata [#112] because at that time, there was no filing for it to withdraw. By operation of Rule 11(c)(2), Plaintiff was barred from filing its sanctions motion after Defendant took this appropriate corrective action. *See Grynberg*, 663 F. Supp. 2d at 1026 (stating that Rule 11(c)(2) bars filing a motion for sanctions if the alleged violator "remedies the alleged violation" during the safe harbor period). The Motion [#115] is **denied**.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#115] is **DENIED**.

Dated: August 6, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge